UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN ANDERSEN,

        Plaintiff,

v.                                Case Nos. 07-C-313 and 314

AMERICAN RECOVERY SERVICE INC., and
THOMAS BAXTER

        Defendants.

**ORDER**

Plaintiff Dean Anderson, appearing pro se, filed these separate actions in the Circuit Court for Outagamie County claiming that the Defendants American Recovery Service, Inc., and Thomas Baxter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The defendants filed a timely Notice of Removal alleging jurisdiction under 28 U.S.C. § 1331, and the cases were consolidated by this Court on May 10, 2007. On the same date, the Court entered a Scheduling Order directing the parties to comply with Fed. R. Civ. P. 26(a)(1) concerning initial disclosures on or before May 24, 2007. The Scheduling Order entered by the court also set disclosure dates for the naming of expert witnesses, the close of discovery and the filing of dispositive motions.

On July 3, 2007, the defendants filed a motion to compel discovery and for sanctions pursuant Fed. R. Civ. P. 37. As grounds for the motion, the defendants alleged that plaintiff had failed to make the initial disclosures as required by the court's Scheduling Order. More importantly, the defendants were unable to depose the plaintiff concerning the basis of his claims because he

failed to respond to their letters and had apparently moved from the residence listed as his address without notifying the clerk or counsel of his new address. Because they are unable to locate the plaintiff, the defendants cannot complete, or even begin, discovery. With the deadline for completion of discovery and filing of dispositive motions rapidly approaching, defendants filed their motion to compel and/or for sanctions under Rule 37.

Upon receipt of the defendants' motion, the court scheduled the matter for a hearing. The hearing was held July 12, 2007, at 1:30 p.m. Defendants appeared by counsel, but no appearance was made by the plaintiff. The clerk attempted to contact the plaintiff by telephone but was unsuccessful. The court has considered entering an order compelling discovery, but since plaintiff had failed even to appear for a hearing on the motion, it would appear that doing so would be futile and only add to the expense to the defendants. By his failure to keep the clerk advised of his new address, the plaintiff has shown a lack of interest in pursuing his claims against the defendants.

Based upon the plaintiff's failure to prosecute this action and to comply with the scheduling order entered by the Court, IT IS HEREBY ORDERED that this action shall be and hereby is DISMISSED pursuant to Fed. R. Civ. P. 41(b). Such dismissal shall constitute an adjudication on the merits and is with prejudice and costs to the defendants. The clerk is directed to enter judgment accordingly.

Dated this   17th   day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2