# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEAN ANDERSEN,

        Plaintiff,

v.                                              Case No. 07-C-313

AMERICAN RECOVERY SERVICE INC.,

        Defendant.

## ORDER DENYING MOTION TO REOPEN

        Pro se Plaintiff Dean Anderson, originally filed separate actions in the Circuit Court for Outagamie County claiming that the Defendants American Recovery Service, Inc., and Thomas Baxter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The defendants filed a timely Notice of Removal alleging jurisdiction under 28 U.S.C. § 1331 and the cases were consolidated by this court on May 10, 2007. On the same date, the court entered a Scheduling Order directing the parties to comply with Fed. R. Civ. P. 26(a)(1) and setting disclosures dates for naming of expert witnesses, close of discovery and the filing of dispositive motions.

        On July 3, 2007, defendants filed a motion to compel discovery and for sanctions pursuant to Fed. R. Civ. P. 37. As grounds for the motion, the defendants alleged that plaintiff had failed to make the initial disclosures as required by the court's Scheduling Order. More importantly, the defendants were unable to depose the plaintiff concerning the basis of his claims because he failed to respond to their letters and had apparently moved from the residence listed as his address without notifying the clerk or counsel of his new address. Because they were unable to locate plaintiff,

defendants could not complete or even begin discovery. With the deadline for completion of discovery and filing of dispositive motions rapidly approaching, defendants filed their motion to compel and/or for sanction under Rule 37.

This court scheduled the motion for a hearing on July 12, 2007, at 1:30 p.m. Defendants appeared by counsel, but no appearance was made by the plaintiff. The clerk attempted to contact the plaintiff by telephone but was unsuccessful. Based upon the state of the record at that time, the court concluded that plaintiff had failed to keep the clerk advised of any new address and had failed to prosecute his case. Accordingly, the court concluded that the defendants were entitled to dismissal pursuant to Fed. R. Civ. P. 41(b), and ordered the action dismissed. Judgment of dismissal was entered on July 16, 2007. On October 10, 2007, the plaintiff filed a motion to reopen on the ground that he had submitted his initial disclosures to the court on May 24, 2007, and that he had never received notice of the hearing on the defendants' motion for sanctions. Plaintiff states he had moved prior to the court's scheduled hearing and "obviously some sort of mix-up with the forwarding and holding of his mail" occurred. Since he did not have actual knowledge of the hearing and had in fact filed his initial disclosures with the court, plaintiff contends that the court should vacate its judgment of dismissal and reopen the case.

Plaintiff's motion will be denied. Plaintiff had an obligation to keep both counsel for the defendants and the clerk's office informed of any change in his address. He failed to do so. As a result, defendants were unable to arrange a deposition to discover the basis of his case, and plaintiff failed to appear for a scheduled hearing. Defendants should not be subjected to additional costs to respond to plaintiff's complaint when he has shown such utter disregard for his own case by failing to aggressively prosecute it. Pursuant to the court's scheduling order, the time for discovery is long

2

past and plaintiff, by being unavailable, prevented the defendants from taking his deposition and seeking other appropriate relief. At this time, there is no reason to reopen the case and plaintiff has offered no reasonable excuse for his failure to keep the defendants and the court advised of his residence. Accordingly, the motion is **DENIED**.

    **SO ORDERED** this   17th   day of October, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
