UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN ANDERSEN,

       Plaintiff,

v.                                      Case No. 07-C-313

AMERICAN RECOVERY SERVICE, INC. and
THOMAS BAXTER,

       Defendants.

**ORDER**

Defendants American Recovery Service, Inc. ("ARS"), and Thomas Baxter, its president, have moved for an award of actual attorney's fees, pursuant to Fed. R. Civ. P. 54(d)(2)(B), under the Fair Debt Collection Practices Act ("FDCPA") and 28 U.S.C. § 1927. Title 15 U.S.C. § 1692k(a)(3) allows a defendant to collect reasonable attorney's fees "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment." Additionally, 28 U.S.C. § 1927 authorizes the court to require any party who "so multiplies the proceedings in any case unreasonably and vexatiously . . . . to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." The motion is untimely, however, as the rule governing the award of actual attorneys fees requires that a motion for attorneys fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). The judgment dismissing the action was entered on July 16, 2007, and defendants' motion was not filed until January 10, 2008. I recognize that defendants' fee request is based also

on the plaintiff's conduct that occurred after the entry of judgment in connection with his motion to reopen and for reconsideration. But the motion seeking fees is untimely as to these as well with the latter motion having been denied by the court on December 18, 2007. For this reason alone, the motion will be denied. Even absent the problem of timeliness, however, the request for fees would be denied upon consideration of the entire record.

Dean Andersen, the pro se plaintiff, originally filed the action as a small claims case in the Circuit Court for Outagamie County, and the defendants removed it to this court. I dismissed the case for failure to prosecute as a sanction against Andersen when he failed to respond to the defendants discovery demands, did not show for a hearing on a motion to compel, and apparently moved without leaving a forwarding address. Andersen filed a motion seeking relief from the judgment of dismissal, which was denied without a hearing. He then filed a motion for reconsideration which elaborated on the reasons why he had failed to respond to counsel or the court previously and argued that the court had erred in dismissing his case without first providing him a warning that failure to comply would be grounds for dismissal. Following an evidentiary hearing on the motion, I entered a decision and order denying Andersen's motion for reconsideration on December 18, 2007. It is primarily on the basis of the reasons stated in that decision for denying Andersen's motion for reconsideration that the defendants contend they should be awarded actual attorney's fees.

The court's decision denying Andersen's motion to reconsider reopening the case portrayed Andersen's actions in a decidedly negative light. In short, I concluded that his conduct during this litigation – including a failure to respond to discovery requests and a deliberate failure to keep the clerk's office apprised of his address – was obstructive and frankly demeaning to a federal tribunal.

I further concluded that he lied when he claimed he believed to have been physically threatened by an attorney for defendant ARS. While his conduct may well have warranted an award of actual costs and attorney's fees had the case continued, the fact is it did not. The sanction of dismissal was intended to address that very conduct. As a result, the case did not proceed to a decision on the merits.

It is true that in denying Andersen's motion to vacate the judgment of dismissal, I strongly suggested that his claim was without merit. Indeed, I noted that Andersen appeared to be something of a shake-down artist. The defendants had attempted to collect what appeared to be a $402 business debt Andersen owed MCI that it turns out was probably *not* discharged in bankruptcy and *not* covered by the FDCPA; nevertheless, in an abundance of either caution or weariness, the defendants gave up without a fight and wrote off the debt altogether. (ARS was not even assigned to collect non-commercial debts for MCI.) Despite ARS's abandonment of all efforts to collect the debt, I noted that like *Casablanca*'s Captain Renault, who was "shocked, shocked" to find that gambling was going on at Rick's Café, Andersen took umbrage at the defendants' modest efforts to collect his minuscule yet apparently legitimate debt. And with all the relish of a professional victim, it appeared that Andersen from that point began using the FDCPA as a "club," with ARS and its president as his prey. He wrote to ARS and with refreshing candor informed it that he would settle for $5,000, an amount far less than it would cost if he dragged them through court and the protracted discovery and motion practice he threatened. Ever gracious, he repeated the threat in another letter and later even sent the defendants a draft of a complaint he proposed to file. When the defendants refused to pay him $5,000 (in addition to their writing off the original debt in the first place) for their tepid attempts to collect a $402 debt, Andersen brought suit in state court under the

3

FDCPA. From all of this, I noted that it appeared Andersen had been using "the threat of costly litigation and sanctions under the consumer friendly provisions of the FDCPA to not only avoid a business debt he legitimately owed, but has attempted to shake down the agency retained to collect it for more than ten times the amount of the debt." (Dkt. # 39 at 8.)

But I also noted that Andersen denied that the debt was incurred in connection with a business. If that were true, the FDCPA would apply even if the debt had not been discharged in bankruptcy. Given the procedural posture of the case, however, I saw no need to make explicit findings on the issue and, based on what appeared to be a questionable claim in the first place and Andersen's obvious sophistication, I concluded that Andersen had not established grounds for granting the relief he was requesting under Fed. R. Civ. P. 60(b). Thus, the defendants were spared the expense of continuing to defend the case even absent a determination that Andersen's claim failed on the merits.

Having already given the defendants the award of dismissal with prejudice as a sanction, I would decline to impose as an additional sanction an award of actual attorneys fees, even if the defendants' request was timely. If the defendants are convinced that my observations as to what the procedural history of the case suggests are in fact true and that Andersen from the beginning was using the FDCPA to extort money from them, they are free to file an action for abuse of process against him and prove their case. Andersen would then have the right to have a jury decide the issue after a full record had been made. My observations, however, coming as they did after a brief hearing and a review of the record, were offered only as an explanation as to why I concluded the relief he was then seeking after judgment had already been entered against him should be denied and an end be put to the matter once and for all.

4

Indeed, it appears from their brief in support of their motion that the defendants were content to let the matter rest at that point and only decided to seek an award of attorney's fees after Andersen filed a notice of appeal from the court's order denying his motion to vacate. (Dkt. # 44 at 8.) Since that time, however, the Court of Appeals for the Seventh Circuit has dismissed Andersen's appeal for lack of jurisdiction, and it would thus appear that defendants' fears that they would continue to incur expenses are over. As I noted in my previous decision, it is past time.

For all of these reasons, the motion for an award of actual attorney's fees is denied.

**SO ORDERED** this ___7th___ day of May, 2008.

                                      s/ William C. Griesbach
                                      William C. Griesbach
                                      United States District Judge